IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF PENNSYLVANIA

REYNOLDS ALLEY,                           CASE NO.:  3:17-cv-00003-KRG

        Plaintiff,

        vs.

MTD PRODUCTS, INC., MTD PRODUCTS
LTD.,  MTD LLC, MTD HOLDINGS, INC.,
and MTD CONSUMER GROUP, INC.,

        Defendants

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**

Defendants, properly identified as MTD Products Inc, MTD Products Limited, MTD LLC, MTD Holdings Inc and MTD Consumer Group Inc, by and through undersigned counsel, respectfully submit this Brief in Support of Defendants' Motion for Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) seeking to limit topics for the deposition of a corporate designee pursuant to Federal Rule of Civil Procedure 30(b)(6) and to limit discovery sought by Plaintiff related to cases other than the instant matter as follows:

    **I.**    **INTRODUCTION**

This diversity action stems from Plaintiff's use of a snow thrower that was designed, manufactured, distributed, and sold nearly thirteen years ago.  On January 19, 2015, Plaintiff, Reynolds Alley, was allegedly seating a bead and/or inflating a tire on the snow thrower when the snow thrower's plastic tire rim burst, injuring Plaintiff.  Plaintiff claims that MTD is negligent in the design and manufacture of the snow thrower and that it is strictly liable for placing an allegedly defective snow thrower into the stream of commerce.

The parties are currently conducting discovery. The parties have exchanged written discovery requests and through Initial Disclosures, Defendants have produced dozens of gigabytes of information including, but not limited to, documents and information on the following topics: product development, design, manufacturing marketing, sales, distribution, testing, manufacturing and assembly processes; other claims, incidents and notices of accidents; information regarding product recall and consumer notification of same, including correspondence to and from the CPSC; warranty claims and reports; and technical and product literature including manuals, labels safety signs and symbols.

Plaintiff issued an Amended Notice of Deposition of F.R.C.P. (30)(b)(6) Corporate Designee to the Defendants on January 25, 2018. *See* Exhibit A. Among the seventeen (17) topics listed by the Plaintiffs, the first nine (9) of those topics relate solely to the Defendants' storage, creation, retrieval, and retention of documents produced by Defendants in discovery. *See* Ex. A at 2. In response to these topics, Defendants sent Objections to Plaintiff's Notice of Deposition of F.R.C.P. (30)(b)(6) Corporate Designee via letter on March 13, 2018. *See* Exhibit B. Specifically, although Defendants remain fully prepared to offer a witness for deposition in response to the substantive topics numbered 10 through 17 of Plaintiff's 30(b)(6) notice of deposition of corporate designee, Defendants object to the production of a witness to topics 3 through 9 as requesting improper discovery on the Defendants' actions during the discovery process (i.e., discovery on discovery).[1] The parties conferred on this issue further and have been unable to reach agreement regarding appropriate relief.

---

[1] Defendants' corporate representative witness on topics 10 through 17 is Dan Martens. Dan Martens was, and is, available to testify on those topics. Mr. Martens is an engineer and a Vice President of Safety and Product Development and would not be expected to address topics related to document retention or claims.

The Plaintiff propounded its First Set of Requests for Production of Documents to the Defendants on May 23, 2017. *See* Exhibit C. The Defendants provided timely responses and objections to these requests to Plaintiff on June 22, 2017. *See* Exhibit D. Plaintiff's Request for Documents No. 6 states as follows:

> Any document including Complaints and correspondence referencing any prior or subsequent claims against you which resulted from the same or similar circumstances as those set forth in the Complaint. Such claims include but are not limited to any instance where an individual claims he sustained an injury as a result of use of a similar product.

Exhibit C at 5. The Defendants responded to this request that the information sought was already provided in Defendants' Initial Disclosures. Exhibit D at 2. Defendants' Initial Disclosures included identifying information for prior claimants, as well as, where available, the counsel representing the claimants and any complaints filed against the Defendants related to those claims. Despite this production, Plaintiff now maintains that Defendants must produce any and all expert reports, deposition transcripts, and discovery requests that were generated in matters other than the instant case. The parties conferred on this issue further and have been unable to reach a consensus regarding appropriate relief.

**II.     LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 26, "any person from whom discovery is sought may move for a protective order in the court where the action is pending . . ." Fed. R. Civ. P. 26(c)(1). When considering such motions, "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense, including . . . forbidding the disclosure or discovery [and] . . . forbidding inquiry into certain matters, or

limiting the scope of disclosure or discovery to certain matters" Fed. R. Civ. P. 26(c)(1)(A), (D).

As Judge Fischer discussed in *Square D Co. v. Scott Elec. Co.*:

> A showing of "good cause" is a threshold requirement for the protection of discovery materials. *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir.1994). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure. The injury must be shown with specificity." *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir.1984) (citations omitted). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not support a showing of good cause. *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986).

2007 WL 3488809 at *9-10 (W.D. Pa. Nov. 14, 2007). The Third Circuit set forth the following factors a court may consider in determining whether such "good cause" exists:

> (1) whether disclosure will violate any privacy interests; (2) whether the information is being sought for a legitimate purpose or for an improper purpose; (3) whether disclosure of the information will cause a party embarrassment; (4) whether confidentiality is being sought over information important to public health and safety; (5) whether the sharing of information among litigants will promote fairness and efficiency; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public.

*Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995) (citing *Pansy*, 23 F.3d at 787-91). A party desiring a protective order must demonstrate specifically, through an application of these factors, that disclosure would work a clearly defined and serious injury upon him. *Square D Co.,* 2007 WL 3488809 at *10 (citing *Pansy*, 23 F.3d at 786.17).

4

### III. ARGUMENT

#### a. Plaintiff's F.R.C.P. 30(b)(6) Notice Seeks Impermissible Discovery on Discovery

Plaintiff's F.R.C.P. 30(b)(6) notice contains nine topics which relate solely to the Defendants' storage, creation, retrieval, and retention of documents requested by the Plaintiff and produced by Defendants in discovery. This request amounts to improper discovery on discovery and this Honorable Court should issue a protective order precluding Plaintiff from noticing a deposition on those topics.

As a general matter, "Federal courts 'will not compel a party to disclose its discovery process as a result of the opponent's mere suspicion that the party's process has not produced adequate documents.'" *Brand Energy & Infrastructure Servs. v. Irex Corp.*, No. 16-2499, 2018 U.S. Dist. LEXIS 21810, at *6 (E.D. Pa. Feb. 7, 2018) (quoting Sean Grammel, *Protecting Search Terms As Opinion Work Product: Applying the Work Product Doctrine to Electronic Discovery*, 161 U. Pa. L. Rev. 2063, 2084 (2013) (citing *Ford Motor Co. v. Edgewood Props., Inc.*, 257 F.R.D. 418, 427 (D.N.J. 2009); *In re: Lorazepam & Clorazepate Antitrust Litig.*, 219 F.R.D. 12, 17 (D.D.C. 2003); *Bethea v. Comcast.*, 218 F.R.D. 328, 330 (D.D.C. 2003))). "'Without any showing of bad faith or unlawful withholding of documents . . . , requiring such discovery on discovery would 'unreasonably put the shoe on the other foot and require a producing party to go to herculean and costly lengths' . . . .'" *Id.* at **6-*7 (quoting Sean Grammel, *Protecting Search Terms As Opinion Work Product: Applying the Work Product Doctrine to Electronic Discovery*, 161 U. Pa. L. Rev. 2063, 2084 (2013) (citation omitted)).

In *Edgewood Properties*, the court considered whether it should allow discovery on Ford's document collection and retention method when the Plaintiff argued it thought the

5

document production it received was inadequate. 257 F.R.D. at 427. The court noted that "such a conclusory allegation premised on nefarious speculation has not moved several courts, nor will it move this one, to grant burdensome discovery requests late in the game." *Id.* The court held that because "Edgewood has not made a colorable showing that Ford is purposefully (or even negligently) withholding documents" it was not entitled its requested discovery on discovery. *Id.* at 428.

In this case, Plaintiff seeks to depose a corporate representative of the Defendants regarding document retention and production without any colorable showing that the Defendant's production or searches were inadequate. The parties agreed in the Joint Rule 26(f) report that there was no need to complete an ESI discovery plan, but that they would implement such a plan if the need arises. (ECF Doc. No. 13 at 4). The parties did agree, however, on a protocol for the preservation of ESI. (ECF Doc. No. 13 at 4). Defendants have produced dozens of gigabytes of documents and information as described above. The information was properly organized, categorized and was easily searchable in the format provided to Plaintiff. The Plaintiff has not issued a discovery deficiency letter to the Defendants alleging that its production is inadequate or flawed.

Plaintiff has not, at any time, requested or implemented an ESI discovery plan. Plaintiff has also not objected to the Defendants' protocol for preservation of ESI. In their discussions to resolve the present dispute, Defendants have repeatedly asked Plaintiff to articulate what deficiencies it contends remain with regard to Defendants' document production, but Plaintiff has not provided adequate explanation.

Plaintiff cannot seek overly broad discovery on all of the Defendants' document storage, creation, retrieval, and retention of documents solely for the purpose of attempting

to find something he may believe the Defendants somehow missed. Plaintiff's request to depose a witness on the preparation of documents for discovery and the method of retention and production would "require [the Defendants] to go to herculean and costly lengths." *Irex Corp.,* 2018 U.S. Dist. LEXIS 21810, at *6. Plaintiff has not, and cannot, make a showing to this Court that the Defendants have acted in bad faith, or that they unlawfully withheld documents from the Plaintiff as is required to request discovery on these topics. Because Plaintiff requests impermissible discovery on discovery, this Honorable Court should enter a Protective Order precluding the Plaintiff from taking a deposition on topics 1 through 9 of his Amended Notice of Deposition of F.R.C.P. (30)(b)(6) Corporate Designee.

### b. Plaintiff's Discovery Requests Regarding Information On Cases Other Than The Instant Matter Are Overly Broad, Unduly Burdensome, and Not Proportional To The Needs Of The Case

Plaintiff's discovery requests regarding expert reports, deposition transcripts, and copies of all discovery requests and responses regarding prior claims and lawsuits related to the 300 series snow thrower are overly broad, unduly burdensome, and not proportional to the needs of the case. Federal Rule of Civil Procedure 26(b) provides that,

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense **and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy**, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(1). As Judge Conti observed in *Cole's Wexford Hotel, Inc.*, "[t]he text of the amended rule following the 2015 amendment no longer provides that a court, based upon good cause, may order discovery 'of any matter relevant to the subject matter

7

involved in the action.'" *Cole's Wexford Hotel, Inc. v. Highmark Inc.*, Civil Action No. 10-1609, 2016 U.S. Dist. LEXIS 127793, at *30-31 (W.D. Pa. Sep. 20, 2016)(quoting FED. R. CIV. P. 26(b)(1) (2000)). "The amended rule omits that sentence in its entirety." *Id.*

Although the right to discovery under the Federal Rules is broad, "this right is not unlimited and may be circumscribed." *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999) (citation omitted). The scope of discovery once included information that was "reasonably calculated" to lead to the discovery of relevant evidence, but Rule 26 as amended no longer includes this language. *Grant Heilman Photography, Inc. v. McGraw-Hill Cos.*, No. 12-cv-2061, 2016 U.S. Dist. LEXIS 20438, 2016 WL 687176, at *2 (E.D. Pa. Feb. 19, 2016) ("The Court notes that the 'reasonably calculated' justification for discovery no longer exists in Rule 26, by virtue of amendments which became effective as of December 1, 2015"). "In determining whether discovery is proportional to the needs of the case, courts must consider 'the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.'" *Smith v. Rogers*, No. 3:15-cv-264, 2017 U.S. Dist. LEXIS 18331, at *3-4 (W.D. Pa. Feb. 9, 2017) (quoting Fed. R. Civ. P. 26(b)(1)).

Defendants have provided a voluminous amount of information to the Plaintiffs related to prior claims and lawsuits regarding the product at issue as part of Defendants' initial disclosures. Plaintiff subsequently requested more documentation related to prior claims and lawsuits, and the Defendants objected to this request on the grounds that adequate relevant information was already provided in Defendants' Initial Disclosures.

Exhibit D at 2. Specifically, Defendants provided identifying information for all prior claimants, as well as, where available, the counsel representing the claimants and any complaints filed against the Defendants related to those claims. Defendants have also supplemented its production to include updated information relative to similar claims involving the product.

Plaintiff's contention that the Defendant must provide expert reports, deposition transcripts, and discovery requests in all prior cases is not proportional to the needs of the case and is unduly burdensome to the Defendants. *See*, FED. R. CIV. P. 26(b)(1). Defendants identified prior claims in their disclosures and supplemental production.  To require Defendants to comply with Plaintiff's request would be the equivalent of requiring Defendants to respond to discovery multiple times over.  It would amount to re-conducting discovery in from multiple cases, instead of one case.  This is the essence of what is meant by disproportional.

Moreover, the information provided by the Defendants in their initial disclosures is sufficient for the Plaintiff to obtain the information requested without requiring the burdensome and expensive task of having the Defendants not only search through files related to each individual past claim for responsive information, but, because the files related to legal matters, would require extensive and expensive privilege review by attorneys prior to production. The additional discovery sought is not proportional to the needs of the case as the Plaintiff cannot demonstrate that this specific discovery would be important in resolving any particular issue in the case. Furthermore, consideration should be given to the amount in controversy. The medical expenses incurred in this case amount to approximately $6,000 for relatively minor injuries – a broken finger. *See*, Exhibit E. The

burden and expense in providing the information outweighs its likely benefits to the Plaintiff.

Because Plaintiff's request is not proportional to the needs of the case and is unduly burdensome to the Defendants, this Honorable Court should enter a protective order in favor of the Defendants and not require any further production of documents on prior claims.

**IV.    CONCLUSION**

For the reasons set forth above, Defendants, MTD Products Inc, MTD Products Limited, MTD LLC, MTD Holdings Inc and MTD Consumer Group Inc, respectfully request that this Honorable Court enter an Order granting the foregoing Motion for Protective Order and preclude Plaintiff from proceeding with the deposition of a corporate designee on topics related to the discovery process and order that Defendants are not required to produce additional information related to cases other than the instant matter.

[SIGNATURES ON FOLLOWING PAGE]

Respectfully submitted,

DICKIE McCAMEY & CHILCOTE, P.C.


By /s/Frederick W. Bode, III
    Frederick W. Bode, III, Esq. (PA I.D. #33391)
    rbode@dmclaw.com
    Brett W. Farrar, Esq. (PA I.D. #79217)
    bfarrar@dmclaw.com
    Douglas M. Grimsley, Esq. (PA I.D. #92948)
    dgrimsley@dmclaw.com

    Two PPG Place, Suite 400
    Pittsburgh, PA  15222-5402
    (412) 281-7272 – telephone
    (412) 392-5367 – facsimile

    and

    Patrick J. Quallich, Esquire
    (*Admitted Pro Hac Vice*)
    Wegman, Hessler & Vanderburg
    6055 Rockside Woods Boulevard
    Suite 200
    Cleveland, Ohio 44131
    Phone: (216) 642-3342
    pjquallich@wegmanlaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 4th day of May, 2018, a true and correct copy of the foregoing has been filed with the Court's Electronic Filing System, which will notify all counsel of record, thereby satisfying the requirements of Rule 5(b)(3) of the Federal Rules of Civil Procedure.

Respectfully submitted,

DICKIE McCAMEY & CHILCOTE, P.C.

By /s/Frederick W. Bode, III
    Frederick W. Bode, III, Esq.

*Attorney for Defendants,*
*MTD Products Inc, MTD Products Limited, MTD LLC, MTD Holdings Inc, and MTD Consumer Group Inc*

7175219.7