IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| REYNOLDS ALLEY, | ) | Case No. 3:17-cv-3 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| MTD PRODUCTS, INC., *et. al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

### I. Introduction

Before the Court are Plaintiff Reynolds Alley's Petition for Delay Damages (ECF No. 122) and Defendants MTD Products, Inc., MTD Consumer Group, Inc., MTD Holdings, Inc., MTD LLC, and MTD Products Ltd's (collectively, "MTD") Renewed Motion for Judgment as a Matter of Law (ECF No. 125). The motions are fully briefed (ECF Nos. 124, 126, 129, 133, 134) and ripe for disposition. For the following reasons, the Court will **GRANT** Plaintiff's Motion for Delay Damages and **DENY** MTD's Renewed Motion for Judgment as a Matter of Law.

### II. Jurisdiction and Venue

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332. While Plaintiff failed to affirmatively assert that venue is proper, MTD failed to object and accordingly waived the objection. (ECF Nos. 11, 12.) *See* Fed. R. Civ. P. 12(h)(1)(B).

III. Factual and Procedural Background[1]

The case arises from injuries that Plaintiff sustained while handling a snow thrower manufactured by MTD. (ECF No. 11 ¶ 9.) Plaintiff alleges that, on or about January 19, 2015, when he was seating the bead of a tire onto the snow thrower rim and/or inflating the tire, the rim failed and burst, causing Plaintiff to suffer severe injuries. (*Id.* ¶¶ 10–11.)

The Court accepted as true the facts in the following two paragraphs for the purpose of deciding the Motion for Summary Judgment, and accepts them as true again for purposes of ruling on MTD's Renewed Motion for Judgment as a Matter of Law:

1. Plaintiff is a Pennsylvania resident. (ECF No. 33 ¶ 1.) Plaintiff purchased the snow thrower in Pennsylvania (*Id.* at ¶ 6) and only ever used it in Pennsylvania. (*Id.* ¶ 7.) Plaintiff's injury occurred in Pennsylvania. (*Id.* ¶ 8.)

2. MTD has manufacturing, warehouse, and distribution facilities in four states and several foreign countries. (ECF No. 28 ¶ 13.) MTD is incorporated in Delaware and has its principal place of business in Ohio. (*Id.* ¶ 5.) The snow thrower that injured Plaintiff was engineered, designed, manufactured, and tested by Defendant MTD in its Valley City, Ohio plant. (*Id.* ¶¶ 6–11.) MTD produced the snow thrower in question on September 8, 2004, and shortly thereafter sold it to Lowe's, a national retailer, FOB MTD's manufacturing facility in Ontario, Canada. (*Id.* ¶ 12.) Upon receiving the snow thrower, Lowe's shipped it to its distribution center located in Minersville, Pennsylvania, in September 2004. (*Id.*)

---

[1] The Court recounts the facts as taken from its earlier opinion on MTD's Motion for Summary Judgment. (*See* ECF No. 47.)

2

## A. The Litigation History

Plaintiff filed his Complaint before this Court on January 10, 2017. (ECF No. 1.) Plaintiff subsequently amended his Complaint on February 2, 2017. (ECF No. 11.) Plaintiff asserts two claims against MTD: (1) strict products liability (Count I) and (2) negligence (Count II). (*Id.* at 3–8.) MTD filed its Motion for Summary Judgment on April 4, 2017 (ECF No. 26.), which this Court denied on December 20, 2017. (*See* ECF No. 47.)

The parties did not conduct fact discovery while MTD's Motion for Summary Judgment was pending, and told the Court that there were still several depositions that the parties needed to take. (ECF No. 46.) In its Pretrial Order of January 8, 2018, the Court initially scheduled trial for May, 2018. (ECF No. 49.) On February 1, 2018, the parties filed joint motions to amend the Initial Scheduling Order and the Pretrial Order, requesting trial be moved until September 2018, or later. (*See* ECF Nos. 50, 51.) The Court granted the motions and set trial for September 4, 2018 (ECF No. 53.)

On May 4, 2018, MTD moved for a protective order in relation to one of Plaintiff's discovery requests. (ECF Nos. 57, 58.) In response, on May 14, 2018, Plaintiff requested an amendment to the scheduling order; which this Court granted on May 15, 2018, and extended discovery past the September, 2018 trial date. (*See* ECF Nos. 59, 60, 61.) This Court granted MTD's request for a protective order on September 28, 2018. (ECF No. 74.) At a status conference conducted on November 1, 2018, this Court proposed a trial date of May, 2019, and the parties consented to scheduling trial at that time. (ECF No. 75.)

On December 6, 2019, the Court issued an amendment to the scheduling order, setting January 31, 2019 as the close of fact discovery, February 15, 2019, as Plaintiff's expert disclosure

3

deadline, and March 10, 2019, as MTD's expert disclosure deadline. (ECF No. 77.) On March 8, 2019, Plaintiff filed a Motion to Extend Time, informing the Court that: (1) "by agreement of the parties," Plaintiff's deposition had occurred on March 5, 2019, after the date set for close of fact discovery; (2) Plaintiff underwent surgery on March 6, 2019, had not yet received his medical records by the date set, and intended to call the surgeon who operated on him as an expert witness at trial. (ECF No. 81.) Accordingly, Plaintiff requested an updated scheduling order, which necessitated a new trial date of July 29, 2019. (ECF Nos. 81, 83.)

On February 25, 2019, the parties stipulated that they would not contest liability, and only contest damages. (ECF No. 80.) The case was tried solely on damages before a jury, beginning on July 29, 2019, and ending with a jury verdict of $170,532.74, docketed on July 31, 2019. (ECF Nos. 112, 120.) On August 2, 2019, Plaintiff filed his Motion for Delay Damages, and MTD filed its Renewed Motion for Judgment as a matter of Law on August 27, 2019. (ECF Nos. 122, 125.)

### B. The Discovery Dispute

On May 23, 2017, Plaintiff served MTD with a notice of corporate depositions, and requesting dates for the depositions of MTD's corporate designees. (ECF No. 59-1.) Apparently, MTD was unable to schedule a date for the depositions until January 25, 2018. (ECF No. 129 at 6.) After receiving a date for the depositions, Plaintiff amended the notice of deposition to reflect the date, March 14, 2018. (ECF No. 59-2.) On March 13, 2018, the day before the depositions were scheduled to occur, MTD objected to more than half of the topics Plaintiffs stated in the notice and stated that MTD would not provide testimony on those topics. (ECF No. 59-3.) In light of the eleventh-hour objections, the parties cancelled the depositions. (ECF No. 59-4.)

4

## IV. Legal Standard

Pennsylvania Rule of Civil Procedure 238(c) provides that a plaintiff may obtain an addition to the damages awarded in the verdict based upon the time required to file the suit and to litigate the action; effectively, this is interest on the amount of the judgment. Pa. R. Civ. P 238; *see Arthur v. Kuchar*, 682 A.2d 1250, 1253 (Pa. 1996). Delay damages are awarded from a period starting one year after the original service of process in the action, but cannot be awarded for any delays in trial which the Plaintiff caused. PA. R. Civ. P. 238(a). The Court calculates the delay damages at a rate one percentage point higher than the prime rate listed in the *Wall Street Journal* in its first issue of the calendar year, not compounded. *Id.*

The explanatory comment to Rule 238 states that the defendant bears the burden of proof in resisting a motion for delay damages. *Id.*, explanatory cmt.; *see City of Pittsburgh v. Jodzis*, 607 A.2d 339 (Pa. Commw. Ct. 1992). Only delays caused by the plaintiff's fault are excluded from calculation of an award of delay damages—those caused by neither party are included in the Court's calculation. *See Schrock v. Albert Einstein Medical Ctr., Daroff Div.*, 589 A.2d 1103, 1106 (Pa. 1991). Further, not every delay is relevant to the issue of delay damages, but only "such occurrences as actually cause delay of the trial." Pa. R. Civ. P. 238, explanatory cmt.

Rule 238 is substantive law that this Court is required to follow in diversity actions. *Fauber v. KEM Transp. & Equip. Co.*, 876 F.2d 327, 328 (3d Cir. 1989).

## V. Analysis

### A. The Parties' Arguments

The parties do not dispute that Plaintiff is entitled to an award of delay damages, but they do disagree on the amount. (*See* ECF No. 124 at 4.) The parties also agree that the applicable interest rate for any delay incurred in 2018 is 5.50%, resulting in a daily interest rate of $25.70.

The parties first dispute the correct day upon which the delay damages clock begins to run. MTD alleges that Plaintiff effected service on January 31, 2017. Plaintiff argues that service was effected on January 30, 2017, the date on which MTD's counsel entered their appearances in this matter and filed a motion to dismiss. (*See* ECF Nos. 4, 5, 6, 7, 8, 9.)

MTD contends that Plaintiffs made inappropriate discovery requests and failed to adhere to the Court's discovery deadlines, which derailed the trial schedule. (ECF No. 124 at 3.) As a result of these alleged delays, MTD argues that Plaintiff is only entitled to delay damages for the period between January 31, 2018 and September 4, 2018. (*Id.*)

Plaintiff argues that it made no such inappropriate discovery requests, did not add topics to its notice of deposition, MTD had the notice of deposition for 295 days and only lodged its objection the day before the depositions, and that if MTD believed that Plaintiff's discovery requests were inappropriate, MTD should have objected sooner.

With regards to MTD's argument that Plaintiff is not entitled to delay damages for the final delay, from May 20, 2019 to July 9, 2019, because of Plaintiff's failure to disclose his expert, Plaintiff has conceded that he is not entitled to delay damages for that period of time. (ECF No. 129 at 8–9.)

## B. The Court Will Grant Plaintiff's Petition for Delay Damages

The Court must resolve two issues: (1) on what day did the clock for delay damages begin to run; and (2) whether MTD has met its burden to prove that Plaintiff caused the delays.

The Court holds that the proper day to begin awarding delay damages is January 30, 2018. MTD asserts that Plaintiff did not effect service upon it until January 31, 2017, but has provided no evidence in support of this contention, other than its own bare assertion that this is the case. The docket entries further bely MTD's contention: MTD's counsel entered their appearances on January 30, 2017, and filed a Motion to Dismiss the same day. (*See* ECF Nos. 4, 5, 6, 7, 8, 9.) It is unreasonable to believe that MTD could prepare and file a Motion to Dismiss and Brief in Support of that Motion a day before it was served with the Complaint. Accordingly, the Court will award delay damages beginning January 30, 2018.[2]

Regarding the second issue, the Court holds that MTD has not presented sufficient evidence to carry its burden to show that the delays were Plaintiff's fault. With regards to the discovery dispute, the Court did grant MTD's Motion for a Protective Order, holding the Plaintiffs discovery requests "improperly [sought] 'discovery on discovery,'" and were disproportionate to the needs of the case. (ECF No. 74.) However, MTD was in possession of that request for 295 days before it objected to the requests on March 13, 2018, and MTD then took an additional two months before filing for the protective order on May 14, 2018. (*See* ECF No. 60.) MTD should have objected earlier, or provided evidence as to why it failed to do so. Further, while the Court ultimately ruled against Plaintiff, MTD has not shown that those requests were

---

[2] One year from the original date of service in the action. *See* Pa. R. Civ. P. 238.

7

made in bad faith, or in an attempt to delay trial. In sum, MTD has not shown that the delay caused by the discovery requests was Plaintiff's fault.

Accordingly, because MTD has not shown that the delays in trial were Plaintiff's fault, the Court will grant Plaintiff's request for delay damages in the amount of $12,947.74, based on 336 days of interest in 2018 at a rate of $25.70 per day and 142 days of interest in 2019 at a rate of $30.37 per day.

### C. The Court Will Deny MTD's Renewed Motion for Judgment as a Matter of Law

MTD moved for Judgment as a Matter of Law during trial on July 29, 2019. (ECF No. 109.) The Court denied that motion for the reasons set forth in its Memorandum Opinion denying Defendants' Motion for Summary Judgment (ECF No. 47). MTD renewed its motion on the same grounds on August 27, 2019. (ECF No. 125.) For the reasons stated in that Order, which is incorporated by reference as though fully set forth herein, the Court will deny Defendants' Renewed Motion for Judgment as a Matter of Law and allow judgment to be entered on the verdict.

## VI. Conclusion

Because Plaintiff is entitled to delay damages, the Court grants his request and orders that the verdict be molded to reflect the addition of delay damages. MTD is not entitled to judgment as a matter of law, and the Court denies MTD's Renewed Motion for Judgment as a Matter of Law.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| REYNOLDS ALLEY, | ) | Case No. 3:17-cv-3 |
| --- | --- | --- |
| Plaintiff, | ) | JUDGE KIM R. GIBSON |
| v. | ) | |
| MTD PRODUCTS, INC., *et. al.*, | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

**AND NOW**, this 17th day of October, 2019, upon consideration of Plaintiff's Petition for Delay Damages (ECF No. 122) and Defendants MTD Products, Inc., MTD Consumer Group, Inc., MTD Holdings, Inc., MTD LLC, and MTD Products Ltd's Renewed Motion for Judgment as a Matter of Law (ECF No. 125), **IT IS HEREBY ORDERED** that Plaintiff's Motion is **GRANTED** and Defendants' Motion is **DENIED**. **IT IS FURTHER ORDERED** that the jury verdict rendered on July 31, 2019 is hereby molded to reflect the addition of delay damages in the sum of $12,947.74, for a total award of $183,480.48, and the judgment is hereby altered to reflect the molded jury verdict.

BY THE COURT:

KIM R. GIBSON
UNITED STATES DISTRICT JUDGE

9